UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA WELCH, as Chapter 7 Trustee for the
Bankruptcy estate of Frank Michael Mongelluzzi,

        Plaintiff,

V.

                            CASE NO. 8:14-CV-00188-T-EAK-TGW

REGIONS BANK,

        Defendant,

_____/

**ORDER ON DEFENDANT'S MOTION TO ENFORCE
STANDING ORDER OF REFERENCE**

This cause is before the Court on Defendant's Motion to Enforce Standing Order of Reference and to Abate Proceeding Pending Ruling (hereinafter "Defendant's Motion"). (Doc. 16). For reasons set forth below, Defendant's Motion to Enforce Standing Order of Reference is **GRANTED**. Defendant's Motion to Abate Proceeding Pending Ruling is therefore **DENIED** as moot.

PROCEDURAL HISTORY

Plaintiff Angela Welch ("Plaintiff"), as Chapter 7 Trustee for the bankruptcy estate of Frank Michael Mongelluzzi, filed her complaint (Doc. 1) against Defendant Regions Bank ("Defendant") with this Court on January 27, 2014, seeking to avoid and to recover fraudulent transfers pursuant to 11 U.S.C. § 544 and Florida Statutes §§ 726.105, 726.106, and 726.108. (Doc. 1). Plaintiff's original complaint stated that this Court has

proper subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. (Doc. 1). On February 25, 2014, Plaintiff filed her amended complaint, which stated in the alternative that this Court has proper subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(b) because this action is a civil proceeding arising under Title 11 of the United States Code or arises in, or is related to, cases under Title 11 of the United States Code. (Doc. 15).

On March 10, 2014, Defendant filed the instant Motion (Doc. 16) seeking to enforce a standing order of reference and thereby transfer the case to the bankruptcy court. *Id.* The Standing Order of Reference, entered February 22, 2012, by the Honorable Anne C. Conway, Chief Judge for the United States District Court for the Middle District of Florida, Orlando Division,[1] states, "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district." (Doc. 16A).

On April 10, 2014, Plaintiff filed a Response in Opposition to Defendant's Motion claiming that Defendant's Motion should be denied because this Court has subject-matter jurisdiction pursuant to 28 U.S.C. 1332(a)(1) and because referring the action to the bankruptcy court would not promote judicial efficiency "in light of the probability this Court would have to duplicate the effort of the bankruptcy court in any event." (Doc. 19). Despite Plaintiff's assertions, Defendant's motion must be granted for the reasons set forth below.

---

[1] *See In re Standing Order of Reference Cases Arising Under Title 11, United States Code*, Case No. 6:12-MC-00026-ACC.

2

## DISCUSSION

### SUBJECT MATTER JURISDICTION

Under 28 U.S.C. § 1334(b), Congress has conferred original jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11, to the district courts. Under 28 U.S.C. § 157(a), Congress has authorized that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The United States District Court for the Middle District of Florida has exercised this authorization by entering the 2012 Standing Order of Reference. *In re Standing Order of Reference Cases Arising Under Title 11, United States Code*, Case No. 6:12-MC-00026-ACC.

Plaintiff concedes that this action is a civil proceeding arising under Title 11 of the United States Code. (Doc. 15). Plaintiff's contention, however, is that "once diversity jurisdiction is properly pled, the court's inquiry into its subject matter jurisdiction comes to an end[]." (Doc. 19). Therefore, Plaintiff's argument is that because Plaintiff based subject-matter jurisdiction primarily on 28 U.S.C. 1332(a)(1) and alternatively on 28 U.S.C. 1334(b), rather than vice versa, this Court should cease its inquiry into subject-matter jurisdiction and refuse to enforce the Standing Order of Reference.

Regardless of the order in which Plaintiff sought to establish subject-matter jurisdiction, the fact remains that this action is a civil proceeding arising under Title 11 of the United States Code, and the Standing Order of Reference refers all such cases to the bankruptcy judges. "While entered in Orlando and bearing an Orlando caption, the current Standing Order of Reference applies to the entire Middle District of Florida,

including the [Tampa] division." *In re Rolsafe Intern., LLC*, 447 B.R. 884, 894 n. 9 (Bankr. M.D. Fla. 2012). Furthermore, as Defendant points out, this Court has declared the enforcement of the Standing Order of Reference mandatory. *Uralkali Trading, S.A. v. Sylvite Southeast, LLC*, 2012 WL 1016777 (M.D. Fla. 2012).

The existence of proper subject-matter jurisdiction entitles Plaintiff to have her case heard by a federal court. The United States Bankruptcy Court for the Middle District of Florida fits that bill.

## JUDICIAL EFFICIENCY

Plaintiff argues that the decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), "casts a significant cloud over the bankruptcy court's constitutional authority to finally adjudicate this suit." (Doc. 19). In *Stern*, the Supreme Court stated that the Constitution prohibits Article I courts from entering a final, binding judgment on a common law cause of action and that "fraudulent [transfer] suits [are] 'quintessentially suits at common law.'" *Stern*, 131 S. Ct. at 2614 (quoting *Granfinanciera, S.A. v. Bordberg*, 492 U.S. 33, 56 (1989)). Thus, Plaintiff appears to be correct that an Article I court—such as a federal bankruptcy court—may not enter a final and binding judgment on this case. Whether or not this is in fact true, there is nothing prohibiting this Court from referring the instant case to the bankruptcy judges.

In *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014), the Supreme Court held "that when, under *Stern*'s reasoning, the Constitution does not permit a bankruptcy court to enter final judgment on a bankruptcy-related claim, the relevant statute nevertheless permits a bankruptcy court to issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court." *Id.* at 2168. Under

*Arkison*, a bankruptcy judge may enter a final judgment in "core" proceedings; but in "non-core" proceedings, the bankruptcy judge "must propose findings of fact and conclusions of law." *Id.* at 2172. In any event, the bankruptcy judge is responsible for determining whether a proceeding is core or non-core. 28 U.S.C. § 157(b)(3).

Plaintiff argues that referring this action to the bankruptcy court "would not promote judicial efficiency and the speedy and just determination of this suit" because this Court "is the only court with authority to make all final decisions regarding Plaintiff's claims." (Doc. 19). Plaintiff, however, is mistaken. "If all parties 'consent,' the statute permits the bankruptcy judge 'to hear and determine and to enter appropriate orders and judgments' as if the proceeding were core." *Arkison*, 134 S. Ct. at 2172.

Plaintiff's concerns for judicial efficiency are legitimate; however, it is possible for the parties to consent to the bankruptcy judge's entering of an appropriate order and judgment. If the parties do not consent, and the bankruptcy judge determines this action involves a non-core matter, then this Court will review *de novo* the bankruptcy court's proposed findings of fact and conclusions of law. In any event, Plaintiff was appointed Chapter 7 Trustee for the bankruptcy case of *In re Frank Michael Mongelluzzi*, Case No. 8:11-bk-01927-CED (Bankr. M.D. Fla.), which is currently pending before the United States Bankruptcy Court for the Middle District of Florida. (Doc. 1). The bankruptcy court is therefore already familiar with the circumstances to which the instant case is directly related. Thus, referring this action to the bankruptcy court promotes judicial efficiency.

After consideration, the Court grants Defendant's Motion to Enforce Standing Order of Reference; Defendant's Motion to Abate Proceeding Pending Ruling is therefore denied as moot. Accordingly, it is

**ORDERED** that the Defendant's Motion to Enforce Standing Order of Reference is **GRANTED**. The Clerk is directed to refer this case to the United States Bankruptcy Court for the Middle District of Florida pursuant to the Standing Order, to close this file and to terminate any pending motions.

**DONE** and **Ordered** in Chambers, in Tampa, Florida, this 15th day of July, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All Parties and Counsel of Record